UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL E. PUGH, T15269,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT KERNAN,<br><br>Defendant(s). | Case No. 18-cv-06497-CRB  (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a state prisoner at the Correctional Training Facility (CTF) in Soledad, California, has filed a pro se complaint for injunctive relief under 42 U.S.C. § 1983 compelling the Secretary of the California Department of Corrections and Rehabilitation (CDCR) to consider him eligible for "early parole consideration" under "Proposition 57." ECF No. 1 (Compl.) at 5.

# DISCUSSION

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

In April 2001, plaintiff was sentenced to 31 years to life in state prison after a jury found him guilty of possession of cocaine base for sale and maintaining a place for narcotics activities, and the superior court found that he had two or more prior "strike" convictions. Plaintiff claims that "non-violent" three strikers like himself are eligible for early parole consideration under Proposition 57, but that CDCR unlawfully continues to exclude them. He seeks an order compelling CDCR to consider him eligible for early parole consideration under Proposition 57.

California's Proposition 57, approved by voters in November 2016, makes parole more available for certain felons convicted of nonviolent crimes. Specifically, Proposition 57 added Article I, section 32 to the California Constitution. That section provides, in relevant part, "Parole consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term of his or her primary offense," defined for these purposes as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." Cal. Const., art. I, § 32(a)(1).

Proposition 57 only provides a prisoner who has completed his base term with a parole consideration hearing before the California Board of Parole Hearings (BPH). California state court cases addressing application of Proposition 57 "uniformly state that Proposition 57 creates a mechanism for parole consideration, not a vehicle for resentencing, and does not entitle [a prisoner] to seek relief in court in the first instance." Daniels v. Cal. Dep't of Corr. and Rehab., No. 17-cv-01510-AWI-BAM, 2018 WL 489155, at *3 (E.D. Cal. Jan. 19, 2018); see also Travers v. California, No. 17-cv-06126-SI, 2018 WL 707546, at *2 (N.D. Cal. Feb. 5, 2018) (citing California state court cases). After all, the plain language of Article I, section 32 provides that a person is "eligible for parole consideration." Cal. Const., art. I, § 32(a)(1).

It is unclear whether excluding a state prisoner from early parole consideration under Proposition 57 because he was sentenced under California's Three Strikes Law implicates a protected liberty interest entitled to procedural protections under the Due Process Clause. But the court need not decide the issue because the California Court of Appeal's recent decision in In re Edwards, 26 Cal. App. 5th 1181 (2018), moots plaintiff's request for injunctive relief. In In re Edwards, the state appellate court held that CDCR regulations adopted to implement Proposition 57 "impermissibly circumscribe eligibility for Proposition 57 parole by barring relief for [plaintiff] and other similarly situated inmates serving Three Strikes sentences for nonviolent offenses." 26 Cal. App. 5th at 1192. The court voided the regulations that have excluded prisoners serving Three Strike sentences for nonviolent offenses from early parole consideration under Proposition

2

57, see id., and CDCR has since enacted emergency regulations "'to allow inmates who are incarcerated for a term of life with the possibility of parole for nonviolent offenses to be eligible for parole consideration by the Board of Parole Hearings,'" Hughey v. Kernan, No. 18-cv-00313-WQH-BGS, 2019 WL 329535, at *5 (S.D. Cal. Jan. 24, 2019) (quoting 1-Z Cal. Regulatory Notice Reg. 43 (Jan. 4, 2019) (https://oal.ca.gov/wp-content/ uploads/sites/ 166/2019/01/1z-2019.pdf)). Put simply, the regulations that have excluded plaintiff from eligibility for early parole consideration under Proposition 57 are no longer operative. Id.

In view of In re Edwards and CDCR's subsequent enactment of revised emergency regulations to permit plaintiff and other prisoners serving Three Strikes sentences for nonviolent offenses to be eligible for early parole consideration under Proposition 57, plaintiff's action for injunctive relief under § 1983 compelling CDCR to consider him eligible for early parole consideration must be dismissed is moot. See id. (citing Alvarez v. Hill, 667 F.3d 1061, 1064 (9th Cir. 2012) (claim moot when issues presented are no longer live or parties lack legally cognizable interest in outcome)).

## CONCLUSION

For the foregoing reasons, plaintiff's action for injunctive relief under § 1983 is DIMISSED as moot.

**IT IS SO ORDERED**.

Dated: February 15, 2019

_____
CHARLES R. BREYER
United States District Judge

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL E. PUGH,<br><br>        Plaintiff,<br><br>    v.<br><br>SCOTT KERNAN,<br><br>        Defendant. | Case No. 3:18-cv-06497-CRB<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 15, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Darryl E. Pugh ID: T-15269 (FW211L)
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960-0689

Dated: February 15, 2019

                                                    Susan Y. Soong
                                                    Clerk, United States District Court

                                                    By:___/s/ L. Scott___

                                                    Lashanda Scott, Deputy Clerk to the
                                                    Honorable CHARLES R. BREYER